# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| REBECCA HUEY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-16-0627-I-1 |
| v. | |
| DEPARTMENT OF LABOR,<br>　　　　　　Agency. | DATE: February 15, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Rebecca Huey, Concord, California, pro se.

Amy R. Walker, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her allegedly involuntary reduction in grade for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Office of Regional Operations for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant requested and received a reassignment from her GS-12 position to a GS-7 position in December 2014. Initial Appeal File (IAF), Tab 1 at 3, 5, Tab 5 at 2. She later filed a Board appeal alleging that her reduction in grade was involuntary and was compelled by her managers' harassing conduct. IAF, Tab 1 at 3, 5, Tab 5 at 4-5. She requested a hearing. IAF, Tab 1 at 2.

¶3 The administrative judge issued an order instructing the appellant how to establish jurisdiction over her constructive adverse action appeal. IAF, Tab 11. The appellant submitted a response alleging that, between fiscal years 2011 and 2013, her overall performance rating was lowered from Exemplary to Highly Effective to Effective, in retaliation for complaints that the appellant either brought herself or for which she served as a witness. IAF, Tab 12 at 4-5. She alleged that her managers ignored her complaints of a hostile work environment, berated her in front of colleagues, set her up to fail, subjected her to an inequitable and unrealistic workload that compelled her to work 26 days in a row, reduced her telework agreement from 2 days to 1 day weekly and later revoked it entirely, denied her ad hoc telework requests, micromanaged her, made false accusations against her, and called her parents at their home to ascertain the appellant's whereabouts. IAF, Tab 12 at 4-11. The appellant's therapist purportedly prescribed her antidepressants and recommended the appellant take medical leave from October through December 2014 due to workplace stress. *Id.* at 10-11. The appellant also filed medical notes that she submitted to the agency on or around September 2 and October 24, 2014, in which her therapist recommended that the appellant be granted 2 telework days per week. IAF, Tab 5 at 24-26, 30-31. One week later, on October 31, 2014, the agency suspended the appellant's telework eligibility entirely. *Id.* at 47.

¶4     The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 14, Initial Decision (ID). The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so. *Spiegel v. Department of the Army*, 2 M.S.P.R. 140, 141 (1980). The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions. To establish Board jurisdiction over a constructive reduction-in-grade claim, the appellant must show (1) that she lacked a meaningful choice in the matter, and (2) it was the agency's wrongful actions that deprived her of that choice. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). When an employee alleges that the intolerable working conditions effectively deprived her of choice, she may need to show that she informed the agency of the existence of the objectionable conditions and requested assistance or remediation from the agency. *See Peoples v. Department of the Navy*, 83 M.S.P.R. 216, ¶ 8 (1999), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014). If the appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016).

¶6     In dismissing this appeal for lack of jurisdiction, the administrative judge found that the appellant failed to make nonfrivolous allegations as to each element noted above. ID at 3-8. For the reasons set forth below, we find the

appellant made a nonfrivolous allegation of Board jurisdiction over the appeal, and we remand this appeal for further proceedings.

¶7        In finding the appellant failed to nonfrivolously allege that she lacked a meaningful choice in accepting a reduction in grade and that it was the agency's wrongful conduct that deprived her of that choice, the administrative judge cited *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000), for the proposition that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign.  ID at 7-8.  In its response to the appellant's petition for review, the agency cites *Miller* and *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011), and asserts that the appellant alleged little more than a difficult relationship with her supervisors.  PFR File, Tab 3 at 11.

¶8        We disagree.  The appellant alleged a continuing and increasing pattern of hostility by her managers, culminating in her need to take approximately 3 months of medical leave due to workplace stress, which was later diagnosed as post-traumatic stress disorder.  IAF, Tab 5 at 4-9, Tab 12 at 4-11.  The appellant stated that, at the time she requested a reduction in grade, she was "under extreme emotional stress at the prospect of having to return to [work] after [her] medical leave was to end on December 31, 2014."  IAF, Tab 5 at 4.  The appellant also submitted medical documents to the agency that appear to have requested a reasonable accommodation of 2 telework days per week; however, the agency cancelled the appellant's telework eligibility entirely approximately 1 week after receiving the letter.[2]  IAF, Tab 5 at 24-26, 30-31, 47.  The Board has held that working outside of medical restrictions is not a viable option for Federal

---

[2] The agency asserts that the appellant failed to engage in the interactive process for requesting reasonable accommodations.  PFR File, Tab 3 at 10.  The record is not developed on this issue and, at the jurisdictional stage, the Board will not weigh evidence to resolve conflicting assertions.  *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

employees and may constitute a nonfrivolous allegation that the employee lacked a choice in the action at issue. *Bean*, 120 M.S.P.R. 397, ¶¶ 13-15.

¶9    We further find that the appellant's allegations are distinguishable from the facts alleged in *Miller* and *Brown.* The appellant in *Miller* did not allege that the agency violated his medical restrictions. *E.g.*, *Miller*, 85 M.S.P.R. 310, ¶¶ 12, 14, 16-20, 27. Though the appellant in *Brown* alleged that the agency denied her request for an accommodation, the Board noted that she continued working for almost 2 1/2 years after the agency denied her request. *Brown*, 115 M.S.P.R. 609, ¶ 17. The appellant here requested a transfer 1 1/2 months after the agency revoked her telework and before she was to return from medical leave. While we note that the appellant alleged she had two pending equal employment opportunity (EEO) complaints at the time she requested a reduction in grade, we find that she nonetheless nonfrivolously alleged that return to the alleged hostile work environment pending resolution of her EEO complaints would have been detrimental to her health. *E.g.*, IAF, Tab 5 at 4; *cf. Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding the appellant in a constructive removal appeal failed to nonfrivolously allege a reasonable person in his position would have resigned while the agency was processing his EEO complaints and had granted his accommodation request of additional leave beyond the requirements of the Family and Medical Leave Act). Accordingly, we find that the appellant has alleged sufficient facts that, if proven, could establish that she lacked a choice in accepting a reduction in grade and that it was the agency's wrongful conduct that deprived her of that choice.

¶10    We also disagree with the administrative judge's finding that the appellant failed to nonfrivolously allege that she notified the agency that she believed her request for reassignment was compelled by intolerable working conditions. ID at 3-7. The administrative judge cited *Peoples*, 83 M.S.P.R. 216, ¶¶ 8-9, for the proposition that the appellant must demonstrate the agency's knowledge of the intolerable working conditions to establish a culpable connection between the

objectionable conditions and the agency's duty, if any, to alleviate the conditions. ID at 3. However, *Peoples* concerned appellants who alleged that they were forced to absent themselves because a coworker created intolerable working conditions. *Peoples*, 83 M.S.P.R. 216, ¶¶ 2, 11. However, in a case such as this, in which the appellant claims that her supervisors harassed her, we find that she has sufficiently alleged that the agency was aware of her purported working conditions. IAF, Tab 12 at 4-11; *see O'Brien v. Department of Agriculture*, 91 M.S.P.R. 139, ¶¶ 7-9 (2002) (finding that an appellant's claim of harassment by a supervisor constituted a nonfrivolous allegation that his retirement was involuntary so as to warrant a hearing).

¶11        The agency asserts that the appellant's medical documentation was insufficient to put it on notice that the appellant believed her working conditions were intolerable. PFR File, Tab 3 at 9-10. However, the appellant sent numerous emails to her supervisors alerting them of a purported hostile work environment in the months preceding her request for a reduction in grade. *E.g.*, IAF, Tab 5 at 16 ("This false accusation is causing me undue stress and creates a hostile work environment."), Tab 12 at 31-32 ("I wanted to alert you to this incident because it was the worst in what I perceive to be a pattern of behavior . . . that is creating a hostile work environment for me and the rest of the R&P Team."), 49-50 ("This complete lack of response creates a hostile work environment for me because my customers become angry with me."), 52 ("I feel that the emails you have been sending me regarding the review and this particular inquiry sheet are hostile in nature."), 70-71 ("This decision to modify my telework agreement has caused and is continuing to cause me a great deal of emotional stress."). The appellant's November 2014 application for benefits from the Office of Workers' Compensation Programs (OWCP), which was provided to her supervisor, stated that the appellant's "work-related stress and anxiety disorder are directly

attributable to trauma caused by work demands/environment." IAF, Tab 5 at 42.[3] Accordingly, we find that the appellant nonfrivolously alleged that the agency was on notice that she believed her working conditions were intolerable.

## ORDER

¶12     For the reasons discussed above, we remand this case to the Office of Regional Operations for further development of the record and a jurisdictional hearing in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.

---

[3] The agency notes that OWCP issued a May 6, 2015 determination finding that the appellant was not entitled to benefits.  PFR File, Tab 3 at 9.  However, OWCP's May 2015 determination is irrelevant to whether the agency was on notice in December 2014 as to the appellant's belief that her working conditions were intolerable.